United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 22, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41276
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE MARTINEZ-GARCIA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-678-ALL
--------------------

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jose Martinez-Garcia (Martinez) appeals the sentence imposed following his guilty-plea conviction of illegal reentry after deportation, in violation of 8 U.S.C. § 1326. The district court sentenced Martinez to 41 months in prison, based on a prior conviction for an alien smuggling offense.

Martinez contends that his sentence is illegal under United States v. Booker, 125 S. Ct. 738 (2005), because it was imposed pursuant to a mandatory application of the federal sentencing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

guidelines.  Martinez thus alleges a "Fanfan" error.  See United States v. Walters, 418 F.3d 461, 463 (5th Cir. 2005).  In the district court, Martinez objected to his sentence under Blakely v. Washington, 542 U.S. 296 (2004), and the Government concedes that the issue is preserved and that it is subject to review for harmless error.

The Government has not carried its burden of showing beyond a reasonable doubt that the district court's error did not affect Martinez's sentence.  See Walters, 418 F.3d at 464; United States v. Pineiro, 410 F.3d 282, 285-86 (5th Cir. 2005).  We therefore vacate the sentence and remand for resentencing in accordance with Booker.  See Walters, 418 F.3d at 464; Pineiro, 410 F.3d at 285-86.

Martinez also contends that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional.  Martinez's constitutional challenge to § 1326(b) is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Martinez contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Martinez properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit

precedent, but he raises it here to preserve it for further review.  Accordingly, the conviction is affirmed.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.